BRADLEY, WARD and WERNER, JJ., concurred.

Judgment and order affirmed.

---

In the Matter of the Probate of the Last Will and Testament of ELIZA A. FISH, Deceased.

MALINDA CROUCH and Others, Appellants; HENRY L. FISH, Respondent.

*Will — the subscribing witnesses must both sign during the lifetime of the testatrix.*

A will must be a valid, perfect instrument at the time of the death of the testator It takes effect at the instant the testator dies, and, if invalid at that time, life cannot be given to it subsequently by the act of a third party.

The statute in reference to the execution of a will requires that there shall be at least two subscribing witnesses, and they must become such during the lifetime of the testatrix.

Proof that one witness signed the attestation clause of a will during the life of the testatrix, and that the testatrix died before the other witness had affixed his signature, will not justify the admission of the will to probate.

APPEAL by Malinda Crouch, one of the executors named in the will of Eliza A. Fish, deceased, and others from a decree of the Surrogate's Court of the county of Monroe, entered in said Surrogate's Court on the 12th day of June, 1894, adjudging an instrument purporting to be the last will of Eliza A. Fish to be null and void and refusing it probate, and also from an order entered in said court on the 15th day of October, 1894, denying on the merits an application to vacate the decree which refused probate to said will.

*Hannibal Smith,* for the appellants.

*P. Chamberlain,* for the respondent.

LEWIS, J.:

The instrument presented as the will of Mrs. Fish was prepared as directed by her. It was presented to her for execution just previous to her death. She was aware of its contents. She was exceedingly feeble and not able even to subscribe her name to the will without help; by the assistance of Doctors Morris and Williams, two physicians who were in attendance upon her, she was raised in bed to a partially reclining position and Dr. Morris guided her hand and a mark was made as and for her signature to the instrument. Dr. Morris subscribed his name to the paper as a witness in the presence of the deceased, and then requested Dr. Williams to subscribe his name. Dr. Williams was at the time standing by Mrs. Fish. She had, in consequence of the exertion made in subscribing the will, become very much exhausted. She remarked: " I am dying; I feel so weak," and died before Dr. Williams had affixed his name to the document. It is quite doubtful if Mrs. Fish was at all conscious of what was occurring at the time Dr. Morris signed his name. Dr. Williams, soon after Mrs. Fish died, at the suggestion of Dr. Morris, subscribed his name to the instrument as a witness.

We assume, in deciding this appeal, that all the requirements of the statute for the due execution of the instrument as a will were complied with, with the exception of the omission of Dr. Williams to become a subscribing witness during the lifetime of Mrs. Fish. The proof, however, that Mrs. Fish ever requested Doctors Morris and Williams to become subscribing witnesses is somewhat unsatisfactory. We do not think it necessary to rehearse the evidence bearing upon that question, for we consider the fact that there was but one subscribing witness when Mrs. Fish died to be fatal to the validity of the instrument as a will. The statute requires that a will shall have at least two witnesses, and they must, we think, become such during the lifetime of the testator. If the act of subscribing by the witnesses can be performed immediately after the

death of the principal and the instrument be valid, it may be done in a month or a year thereafter with the same effect. A will takes effect at the instant the testator dies. If the contention of the appellants should prevail the anomaly might be presented of the disposition of an estate being suspended intermediate the death of the testator and the time the witness or witnesses shall perform the act of subscribing their names to the instrument. The final disposition of the estate would thereby be made to depend, not solely upon the intention of the testator, but upon the will or caprice of one who had been requested to perform the very simple act of becoming a witness. The Legislature never intended to give to subscribing witnesses such power. Such construction would tend to break down the barriers to frauds which the statute was enacted to prevent.

In construing this statute it is the intention of the Legislature that must be kept in mind, and not that of the testator. Mrs. Fish could at any time before her death have revoked her request to Dr. Williams to become a subscribing witness to her will. Had she done so he could not have acted in that capacity. After making such a request her wish that he should become a subscribing witness would be presumed to have continued until he performed the act, in the absence of revocation of his authority. It was incumbent upon those propounding the will for probate to establish either by affirmative or presumptive evidence that such desire upon the part of Mrs. Fish existed at the time the witnesses subscribed their names. The undisputed evidence shows that such desire did not exist at the time Dr. Williams subscribed his name, for Mrs. Fish was then dead. A will must be a valid, perfect instrument at the time of the death of the testator. It takes effect at the instant the testator dies. If invalid then life cannot be given to it by the act of a third party.

It is not necessary to consider the question raised by the appeal from the order of the surrogate denying the appellants' motion to open the decree which refused probate of the will. As the fact that one of the witnesses did not sign the attestation clause until after the death of Mrs. Fish is, we think, fatal to the validity of the instrument as a will, opening the decree would not in any way benefit the appellants.

The decree and order appealed from should be affirmed, with costs against the appellants.

DWIGHT, P. J., and BRADLEY, J., concurred; WARD, J., concurred in result.

Decree and order of the Surrogate's Court of Monroe county affirmed, with costs against the appellants.